**BROADCAST MUSIC, INC., Plaintiff,**

v.

**GAME OPERATORS CORPORATION,
and Ronald Cazel, Defendants.**

No. 89–1376–K.

United States District Court,
D. Kansas.

Oct. 19, 1989.

Lee Thompson, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Johnathan Zavin, Richards & O'Neil, New York City, for plaintiff.

David J. Lund, Dewey and Lund, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This case is before the court on the "Suggestion of Filing of Bankruptcy" of defendants Game Operators Corporation and Ronald Cazel. In such, the defendants assert that since they filed a Chapter 11 proceeding in bankruptcy court on June 3, 1988, the automatic stay provision, 11 U.S.C. § 362, prohibits and enjoins all parties from proceeding against the debtors' property, real or personal, which constitutes an asset of the bankruptcy estate.

■ The plaintiff, Broadcast Music, Inc. (BMI), brought this action for copyright infringements pursuant to 17 U.S.C. § 116. Its claims are based upon the defendants' unlicensed public performance of musical compositions, to which BMI has been assigned the public performance rights, on an unlicensed jukebox at Taco Pronto and Dad's. The plaintiff asserts the infringements at issue occurred on September 27, 1988, and October 20, 1988—when the unlicensed public performance occurred.[1]

BMI commenced the instant action on or about July 20, 1989. Defendants filed an answer in which they assert that they filed for bankruptcy on June 3, 1988, and claim that such bankruptcy is "an affirmative defense in this action, and that the Court has no jurisdiction because of said bankruptcies." In addition, as described above, the defendants have filed a "Suggestion of Filing a Bankruptcy."

---

1. The court notes that the defendants, for the first time, at oral argument asserted that plaintiff's cause of action arose when the defendants failed to renew their operating license in January of 1988. The plaintiff responded that as a matter of copyright law the plaintiff did not have a cause of action until the actual infringements at issue occurred. The court agrees with the plaintiff.

BMI submits that the court does have jurisdiction and that all the infringements alleged in the instant action occurred after the defendants' filed Chapter 11 proceedings on June 3, 1988. Therefore, the plaintiff asserts the automatic stay provision of 11 U.S.C. § 362 does not apply to these post-petition claims.

## Conclusions of Law

■ The first question to be addressed is whether the district court has jurisdiction to determine the applicability of the automatic stay. The Tenth Circuit has not spoken directly on this issue but several other circuits have. However, in a case on point clearly stating the applicable rules, the Second Circuit said, "Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending, ... and the bankruptcy court supervising the reorganization." *In re Baldwin–United Corp. Litigation,* 765 F.2d 343, 347 (2d Cir.1985) (citations omitted). Furthermore, several other circuit courts have likewise found that the applicability of the automatic stay is an issue of law within the competence of the district court or the court of appeals. *N.L.R.B. v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 938 (6th Cir.1986); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986).

Since this court does have jurisdiction, the next question to be addressed is whether the automatic stay provision, 11 U.S.C. § 362, does bar this court from hearing the present litigation. The general rule seems to be that 11 U.S.C. § 362(a)(1)[2] provides for a broad stay of litigation against the debtor and includes administrative, judicial, and other similar proceedings but is limited to actions which could have been commenced *before* the commencement of the

case. 2 COLLIER ON BANKRUPTCY ¶ 362.02[1] at 362–32 (15th ed. 1989). Furthermore, it has often been held that the automatic stay is not intended to bar proceedings for post-petition claims that could not have been commenced before the petition was filed. *See e.g., Taylor v. First Fed. Sav. & Loan Ass'n of Monessen,* 843 F.2d 153, 154 (3d Cir.1988); *Matter of M. Frenville Co.,* 744 F.2d 332, 335 (3d Cir. 1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985).

■ Since the defendants have failed to respond to plaintiff's assertion that all the infringements in question occurred after the filing of the bankruptcy petition by the defendants, the court at this time has to assume that the present proceeding is for post-petition claims that could not have been commenced before the petition was filed. Thus, according to the above authority, the automatic stay in 11 U.S.C. § 362 does not bar the present proceeding.

The court takes notice at this point that the well-reasoned opinion of *In re Baldwin–United Corp. Litigation,* 765 F.2d at 347, noted the following qualifying point on the above rule:

> The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay. Whether it ought to exercise its authority to make such a determination, however, is a different question.

(Footnote omitted). The Second Circuit went on to say that "the Bankruptcy Court has authority under section 105 broader than the automatic stay provisions of section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings." *Id.* at 348. In addition, the Second Circuit recognized that the

---

**2.** Section 362(a)(1) provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that *was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*

(Emphasis added).

district court has "power to issue all writs in aid of *its* jurisdiction, 28 U.S.C. § 1651, and its duty to assure orderly pretrial proceedings in the multi-district litigation assigned to it is important." *Id.* The Second Circuit concluded that if a conflict arises "between the authority of the Bankruptcy Court to administer this complex reorganization and the authority of the District Court to administer consolidated pretrial proceedings, the equities favor maintenance of the unfettered authority of the Bankruptcy Court." *Id.*

At this point this court notes that an order confirming the debtors' Chapter 11 plan was filed April 26, 1989. Thus it is unlikely that the equities will weigh in favor of the bankruptcy court under 11 U.S.C. § 105 (to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the bankruptcy code). However, if this court is subsequently informed that the bankruptcy court is seeking control over this case by authority of 11 U.S.C. § 105, it will consider whether to abstain from hearing this case at that time.

In summary, the court finds it has jurisdiction to determine if the automatic stay applies to this proceeding. In addition, the court holds the automatic stay does not apply to these proceedings. However, the court will consider abstaining from hearing this case if it is informed that the bankruptcy court is seeking control over this case by authority of 11 U.S.C. § 105.

IT IS THEREFORE ORDERED this 19th day of October, 1989, that the court has jurisdiction and the automatic stay does not apply to these proceedings.